IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company, MSPA CLAIMS 1, LLC, a Florida limited liability company, and SERIES PMPI, a designated series of MAO-MSO RECOVERY II LLC, a Delaware series limited liability company,<br><br>    Plaintiffs,<br><br> v.<br><br>UNITED THERAPEUTICS CORPORATION, a Delaware corporation, and CARING VOICE COALITION, a nonprofit corporation<br><br>    Defendants. | No. |

## NOTICE OF REMOVAL

Defendant United Therapeutics Corporation, with the consent of Defendant Caring Voice Coalition, respectfully notices this Court that:

1. A civil action was commenced on September 21, 2018, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, bearing index number 2018-032190-CA-01, captioned *MSP Recovery Claims Series, LLC et al. v. United Therapeutics Corporation et al.* (the "state-court action").

2. Defendant United Therapeutics was served with a copy of the Complaint for Pure Bill of Discovery (the "Complaint") filed in the state-court action on October 4, 2018. A copy of the Summons and Complaint is attached as Exhibit A, along with true and correct copies of all process, pleadings, and orders served upon Defendant United Therapeutics as of the date of this filing in accordance with 28 U.S.C. § 1446. No other pleadings or orders have been entered with regard to any of the papers served or filed in the state-court action. This Notice of Removal is

46773524;1

filed within 30 days of receipt of the initial pleading by Defendant United Therapeutics. Removal is therefore timely under 28 U.S.C. § 1446(b).  All Defendants consent to the removal of this action.  *See* 28 U.S.C. § 1446(b)(2)(A).

3. Removal to this Court is proper because Miami-Dade County is within the Southern District of Florida.  *See* 28 U.S.C. §§ 89(c), 1446(a).

4. This civil action is removable to this Court under 28 U.S.C. § 1441(a).  This Court has original federal-question jurisdiction under 28 U.S.C. § 1331 because the Complaint alleges violations of the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, and rights to recover conditional payments on behalf of Medicare Advantage Organizations pursuant to the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b), and its implementing regulations.  Moreover, Plaintiffs' lawsuit necessarily raises federal issues that are actually disputed, substantial, and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

5. A "pure bill of discovery" is not "distinct from the resulting complaint" and is thus removable.  *See, e.g.*, *Empire Fin. Grp., Inc. v. Fin. Indus. Regulatory Auth., Inc.*, No. 08-80534, 2009 WL 10644856, at *4-5 (S.D. Fla. Jan. 15, 2009) (removing pure bill of discovery on the basis of federal question jurisdiction); *Perez v. Citibank, N.A.*, 328 F. Supp. 2d 1374, 1378 (S.D. Fla. 2004) ("Florida courts have held that a bill of discovery is a civil action" and accordingly can be amended to add "causes of action."); Florida Rule of Civil Procedure 1.040 ("There shall be one form of action to be known as 'civil action.'").  The plain language of the Complaint demonstrates that Plaintiffs' claims necessarily arise under the federal Anti-Kickback

Statute and the Medicare Secondary Payer Act. Removal under 28 U.S.C. § 1331 is therefore proper.

6. Plaintiff MSP Recovery Claims, Series LLC "is an entity whose business model involves obtaining assignments from various entities, including Medicare Advantage Organizations, first-tier entities and downstream entities, to recover reimbursement for payments made for the medical expenses of Medicare beneficiaries that should have been made by a private insurer pursuant to the Medicare Secondary Payer Act (MSPA), 42 U.S.C. § 1395y(B)(3)(A)." *MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, No. 17-CV-23749, 2018 WL 1547600, at *1 (S.D. Fla. Mar. 9, 2018). Plaintiffs allege that MSP Recovery Claims, Series LLC "has established various designated series" that "form a part of [MSP Recovery Claims, Series LLC]." Compl. ¶ 4. Plaintiffs, including Plaintiff MSPA Claims 1, LLC, have filed "dozens of actions in state and federal courts in Florida" since 2015 against "different insurance companies and/or healthcare providers seeking reimbursement for conditional payments made on behalf of Medicare Part C enrollees in accordance with the Medicare Secondary Payer Act." *MSPA Claims 1, LLC v. Bayfront HMA Med. Ctr., LLC*, No. 17-cv-21733, 2018 WL 1400465, at *1 (S.D. Fla. Mar. 20, 2018); *accord, e.g.*, *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1356 (11th Cir. 2016) (stating that MSP Recovery Claims, Series LLC and MSPA Claims 1, LLC "are firms that obtain claims for reimbursement under the MSP Act from HMOs that offer Medicare Advantage Plans"); *MSPA Claims I, LLC v. Tenet Fla., Inc.*, 318 F. Supp. 3d 1349, 1351 (S.D. Fla. 2018) ("The Plaintiff is a limited liability company that receives assignments from various entities to pursue claims arising out of the MSPA."). Plaintiffs also aver generally that they "have obtained assignments from Medicare Payers … to recover reimbursement or payment from Pfizer [sic]." Compl. ¶ 2; *see, e.g.*,

Complaint, *MSP Recovery Claims, Series LLC et al. v. Pfizer Inc. et al.*, Case No. 2018-030885-CA-01 (Fla. 11th Cir. Ct. Sept. 11, 2018) (substantially identical complaint filed against Pfizer).

7.   Plaintiffs' Complaint alleges that Defendants violated the federal Anti-Kickback Statute. *E.g.*, Compl. ¶¶ 50-61.  In particular, Plaintiffs assert that United Therapeutics "made donations to Caring Voice and used Caring Voice as a conduit to pay the copay obligations of Plaintiffs' Assignors' Enrollees" taking certain drugs. *Id.* ¶ 54.  Plaintiffs contend that the federal "Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, prohibits this occurrence," *id.* ¶ 55, and that United Therapeutics therefore committed an "Anti-Kickback Statute violation," *id.* ¶ 61; *see also id.* ¶ 51 ("The Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, prohibits pharmaceutical companies from paying re[mun]eration to induce Enrollees to purchase, or their physicians to prescribe, drugs that are reimbursed by Plaintiffs' Assignors.").

8.   According to the Complaint, the entirety of the damage suffered by Plaintiffs' Assignors was tied to the Defendants' purported Anti-Kickback Statute violation because, absent the alleged violation, "Plaintiffs' Assignors should not have paid for the drug costs associated with the Subject Drugs."  Compl. ¶ 61.

9.   Plaintiffs' Assignors' alleged "civil claims" against Defendants also turn on Plaintiffs' alleged federal-law rights under the Medicare Secondary Payer Act.  Compl. ¶ 53. Plaintiffs allege that they have "obtained assignments from Medicare Payers … to recover reimbursement" for conditional payments made on behalf of the Assignors for health insurance coverage provided under "Medicare Part C."  *Id.* ¶ 2.  Paragraphs 9 through 46 of the Complaint repeatedly recite skeletal information about assignments that Plaintiffs purportedly received from dozens of entities.  Those assigned claims are repeatedly described as turning on the right to

"recover *conditional payments* pursuant to state and federal law." *E.g.*, ¶¶ 9-12 (emphasis added).  The Medicare Secondary Payer Act's implementing regulations define a "*Conditional payment*" as "a Medicare payment for services for which another payer is responsible."  42 C.F.R. § 411.21.  Plaintiffs' allegations in the Complaint thus align entirely with Plaintiffs' business model to "obtain claims for reimbursement under the MSP Act from HMOs that offer Medicare Advantage Plans."  *MSP Recovery, LLC*, 835 F.3d at 1356.

10.   Accordingly, Plaintiffs' bill of discovery and the Assignors' underlying claims turn on (1) Plaintiffs' allegations that Defendants "violat[ed]" the Anti-Kickback Statute, Compl. ¶ 61; and (2) Plaintiffs' asserted right to recover conditional payments made on behalf of Medicare Part C enrollees under the Medicare Secondary Payer Act, *id.* ¶ 53.  Because the Complaint and the Assignors' alleged claims seek relief based upon purported violations of the federal Anti-Kickback Statute and Plaintiffs' rights under the Medicare Secondary Payer Act, subject matter jurisdiction is vested in this Court by 28 U.S.C. § 1331.  Moreover, these disputed questions are substantially important to the federal system as a whole and should be resolved in federal court.  *See Gunn*, 568 U.S. at 258.  Indeed, the "legal landscape of the Medicare Act—best described as a statutory maze—has evolved with each new round" of Plaintiffs' filings. *MSPA Claims 1, LLC*, 2018 WL 1400465, at *1.

11.   A copy of the notice of filing of this Notice of Removal is attached as Exhibit B. Promptly after filing this Notice of Removal, Defendant United Therapeutics Corporation will serve the notice of filing of the Notice of Removal on Plaintiffs, and will file a copy with the Clerk of the Circuit Court of the Eleventh Judicial District in and for Miami-Dade County, Florida, as required by 28 U.S.C. § 1446(d).

12. Defendant United Therapeutics Corporation does not waive any defenses or rights by filing this notice of removal, and expressly preserve all defenses and rights.

WHEREFORE, Defendant United Therapeutics Corporation, with the consent of Defendant Caring Voice Coalition, removes the state-court action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

Dated:  October 23, 2018    Respectfully submitted,

s/Valerie Greenberg
Valerie Greenberg (Fla. Bar No. 026514)
AKERMAN LLP
Three Brickell City Centre
98 Southeast 7th Street, Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600

Ari H. Gerstin (Fla. Bar No. 083961)
AKERMAN LLP
Three Brickell City Centre
98 Southeast 7th Street, Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600

Andrew S. Tulumello (*pro hac forthcoming*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500

*Counsel for Defendant*
*United Therapeutics Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2018, the foregoing Notice of Removal was served by electronic mail upon the following:

John H. Ruiz
Serve@msprecoverlawfirm.com
MSP RECOVERY LAW FIRM
5000 SW 75th Avenue, Suite 400
Miami, Florida 33155

*Counsel for Plaintiffs*

Joseph E.H. Atkinson
eatkinson@hancockdaniel.com
HANCOCK DANIEL
4701 Cox Road, Suite 400
Glenn Allen, VA 23060
Telephone: (804) 967-9604

*Counsel for Defendant*
*Caring Voice Coalition*

                                        s/ Valerie Greenberg
Valerie Greenberg (Fla. Bar No. 026514)
AKERMAN LLP
Three Brickell City Centre
98 Southeast 7th Street, Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600