UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24398-CIV-ALTONAGA/Goodman

**MSPA Claims 1, LLC**, *et al.*,

 Plaintiffs,
v.

**UNITED THERAPEUTICS CORPORATION**
and **CARING VOICE COALITION**,

 Defendants.
_____/

# ORDER

**THIS CAUSE** came before the Court *sua sponte*. A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, *Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Stated differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). The power of a lower federal court may arise in one of three ways: (1) a specific statutory grant; (2) federal question jurisdiction[1]; or (3) diversity jurisdiction. *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted).

 Plaintiffs initially brought this action for a Pure Bill of Discovery in the Circuit Court for the Eleventh Circuit in and for Miami-Dade County. (*See* [ECF No. 1-1]). Defendants, United

---

[1] Under 28 U.S.C. section 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Therapeutics Corporation and Caring Voice Coalition, removed this action to federal court on October 23, 2018. (*See* Notice of Removal [ECF No. 1]).

Defendants base removal of this action on federal question jurisdiction under 28 U.S.C. section 1331. (*See id.* ¶ 4). Defendants point to Plaintiffs' allegations regarding the Medicare Secondary Payer (MSP) Act, 42 U.S.C. [section] 1395y, which they contend confers federal question jurisdiction on the Court. (*See id.*). Defendants also assert Plaintiffs' Complaint "alleges violations of the federal Anti-Kickback Statute, 42 U.S.C. [section] 1320a-7b . . . ." (*Id.* (alterations added)). Yet, the Complaint does not contain any claims under either those statutes — Plaintiffs merely make *factual allegations* relating to those statutes. (*See generally* Compl.). Tellingly, the only "cause of action" in Plaintiffs' Complaint is a request for a bill of discovery. (*Id.* ¶¶ 62–66). Curiously, Plaintiffs, too, state that "a pure bill of discovery is the appropriate *remedy*." (*Id.* ¶ 66 (emphasis added)).

Indeed, "[a] pure bill of discovery is an equitable remedy under state law which serves 'to obtain the disclosure of facts within the defendant's knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court.'" *Carr v. Bombardier Aerospace Corp.*, No. 10-MC-60917, 2010 WL 2220336, at *1 (S.D. Fla. June 3, 2010) (citing *Mesia v. Fla. Agr. and Mech. Univ. Sch. of Law*, 605 F. Supp. 2d 1230, 1232 (M.D. Fla. 2009); alteration added)). "As this is a state law cause of action, Plaintiff's Complaint contains no readily apparent federal question pursuant to 28 U.S.C. [section] 1331 providing this Court with jurisdiction." *Id.* (alteration added).

Both *Carr* and *Mesia* stand for the proposition that an action for a pure bill of discovery "is separate and distinct from any subsequent action for relief based on the discovery," and jurisdiction must be independently established over the petition. *Id.* "The fact that a possible

future cause of action might be within [the] Court's jurisdiction does not change that conclusion." *Mesia*, 605 F. Supp. 2d at 1233 (alteration added). In light of the above authorities and a review of the record, the Court does not find federal question jurisdiction under 28 U.S.C section 1331 exists.[2] In sum,

> [A pure bill of discovery] may not be used as a fishing expedition to see if causes of action exist . . . . Neither is it available simply to obtain a preview of discovery obtainable once suit is filed. Such a use of the bill places an undue burden on the court system . . . .

*Mendez v. Cochran*, 700 So. 2d 46, 47 (Fla. 4th DCA 1997) (internal quotation marks and citations omitted; alterations added)).[3]

Finally, Defendants have not established subject matter jurisdiction exists under 28 U.S.C. section 1332. Certainly, Defendants fail to assert *any* allegations in their Notice of Removal or their Removal Status Report [ECF No. 18] as to the parties' citizenship.

Therefore, Defendants have yet to allege a proper basis for removal and the existence of subject matter jurisdiction. Remand thus appears warranted.

Being fully advised, it is

**ORDERED AND ADJUDGED** that Defendants have until **November 21, 2018** to clarify the basis for the Court's subject matter jurisdiction and file any objections to remand.[4] Failure to do so will result in a remand of the case to the Circuit Court for the Eleventh Circuit in

---

[2] The Court is also not persuaded by Defendants' reliance on case law purportedly stating a pure bill of discovery is removable. (*See* Notice of Removal ¶ 5 (citing cases)). For example, *Perez v. Citibank, N.A.*, 328 F. Supp. 2d 1374, 1376 (S.D. Fla. 2004) involved the *Edge Act*, a federal statute that provided the court with an independent basis for jurisdiction, tellingly missing here.

[3] Defendants also cannot rely on *Gunn v. Minton*, 568 251, 258 (2013) (*see* Notice of Removal ¶ 4), as *Gunn* and its progeny recognize federal question jurisdiction where state law *claims* necessarily raise federal issues. Plaintiffs' Complaint is a pure bill of discovery, not an independent state law claim pursuant to which the rule in *Gunn* would apply.

[4] Defendants are reminded that to better manage the orderly progress of the case, they shall submit any objections in a single, combined response.

and for Miami-Dade County without further notice. Defendants' Joint Motion to Dismiss **[ECF No. 33]** is **DENIED** as premature until subject matter jurisdiction is established.

**DONE AND ORDERED** in Miami, Florida, this 15th day of November, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record